IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CASE NO.

RICHARD MISITI,
individually and on behalf of all
others similarly situated,            **CLASS ACTION**

    Plaintiff,                    **JURY TRIAL DEMANDED**

v.

ASSURANCE IQ, LLC,
d/b/a healthinsurance.net,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Richard Misiti, brings this class action against Defendant Assurance IQ, LLC d/b/a healthinsurance.net, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2. Defendant is a licensed insurance agency which operates the website www.healthinsurance.net. Defendant provides insurance quotes, quote ranges, tools, links and recommendations to consumers and, upon information and belief, sells personal insurance products to consumers.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

1

3. To promote its goods and services, Defendant engages in telephonic sales calls to consumers without having secured prior express written consent as required by the FTSA.

4. Defendant's telephonic sales calls have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

5. Through this action, Plaintiff seeks an injunction and statutory damages on behalf of himself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

6. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that he was the regular user of telephone number ***-***-0582 (the "0582 Number") that received Defendant's telephonic sales calls.

7. Defendant is, and at all times relevant hereto was, a foreign corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f). Defendant maintains its primary place of business and headquarters in Seattle, Washington. Defendant directs, markets, and provides business activities throughout the State of Florida. Defendant Assurance IQ, LLC is a wholly owned subsidiary of Prudential Financial, Inc.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

9. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant made or caused to be made

2

telephonic sales calls into Florida without the requisite prior express written consent in violation of the FTSA. Plaintiff received such calls while residing in and physically present in Florida.

10. Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because Defendant (1) is a foreign corporation doing business in this state; and (2) has an agent or other representative in Lee County.

**FACTS**

11. Between August 24 and September 10, 2021, Defendant had made dozens of telephonic sales calls to Plaintiff's cellular telephone number.

12. Plaintiff answered many of the calls and a live person tried to sell Plaintiff an individual health insurance policy.

13. Plaintiff asked to be removed from Defendant's calling list. Plaintiff clearly revoked any consent to receive calls from Defendant. Despite Plaintiff's clear instructions not to receive calls on his cellular telephone, Defendant has continued to make calls to Plaintiff's cellular telephone since August 2021 through present.

14. The purpose of Defendant's telephonic sales calls was to solicit the sale of consumer goods and/or services.

15. Upon information and belief, Defendant caused similar telephonic sales calls to be sent to individuals residing in Florida.

16. Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

17. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number.

3

18. Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, and annoyance.

## CLASS ALLEGATIONS

### PROPOSED CLASS

19. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> **FTSA Class:** All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.
>
> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action (1) were called by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and/or services; and (5) for whom Defendant (a) did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

20. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

21. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their

4

prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

23. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members; [2] Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls; and [3] Whether Defendant is liable for damages, and the amount of such damages.

24. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

25. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

26. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

SUPERIORITY

27. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

28. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF FLA. STAT. § 501.059**
**(On Behalf of Plaintiff and the Class)**

29. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein on behalf of himself and the FTSA Class.

30. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

31. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

32. "Prior express written consent" means an agreement in writing that:

1. Bears the signature of the called party;

2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4. Includes a clear and conspicuous disclosure informing the called party that:

    a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

    b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

33. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

7

34. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the FTSA Class members without Plaintiff's and the FTSA Class members' prior express written consent.

35. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the FTSA Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

36. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and FTSA Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the FTSA Class members are also entitled to an injunction against future calls. *Id*.

## COUNT II
## <u>VIOLATION OF THE TCPA</u>
## <u>47 U.S.C. § 227</u>
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

37. Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 28 of this Complaint as though fully stated herein.

38. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

39. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." [2]

---

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

8

40. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

41. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

42. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

43. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

44. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class relief against Defendant, individually and jointly, as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the FTSA Class and the Do Not Call Registry Class as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Classes;

e) A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

f) An injunction prohibiting Defendant's from calling telephone numbers assigned to the National Do Not Call registry without the prior express written consent of the called party;

g) Reasonable attorney's fees and costs; and

h) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demands a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

DATED: September 27, 2021

    Respectfully Submitted,

    **EDWARDS POTTINGER LLC**

    */s/ Seth M. Lehrman*
    Seth M. Lehrman
    Florida Bar No. 132896
    425 North Andrews Avenue, Suite 2
    Fort Lauderdale, Florida 33301
    E-mail: seth@epllc.com
    Telephone: 954-524-2820
    Facsimile: 954-524-2822

    **SCOTT D. OWENS, P.A.**
    Scott D. Owens, Esq.
    Florida Bar No. 0597651
    2750 N. 29th Ave., Suite 209A
    Hollywood, Florida 33020
    Email: scott@scottdowens.com
    Telephone: 954-589-0588 Ext. 102
    Facsimile: 954-337-0666

    *Counsel for Plaintiff*